1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO D. WOODLEY, | 1:11-cv-01336-LJO-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 12] |
| HECTOR A. RIOS, | |
| Respondent. | |
| _____/ | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is currently incarcerated at the United States Penitentiary, in Atwater, California following a conviction for conspiracy to possess and intent to distribute a controlled substance in the United States District Court, Southern District of Georgia.

Petitioner filed the instant petition for writ of habeas corpus on August 12, 2011. Petitioner filed a first amended petition on September 1, 2011, along with a motion to strike the original petition. Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after serving it. Because Petitioner filed the first amended petition within 21 days of filing, amendment is authorized as a matter of course.

In the first amended petition, Petitioner contends his due process right to a speedy trial was violated.

1

1    A federal prisoner who wishes to challenge the validity or constitutionality of his

2    conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

3    under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.

4    Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

5    Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing*

6    *court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal

7    conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

8    2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

9    also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

10    In contrast, a federal prisoner challenging the manner, location, or conditions of that

11    sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

12    Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d

13    175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

14    United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476,

15    478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);

16    Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

17    In this case, Petitioner is challenging the validity and constitutionality of his sentence

18    rather than an error in the administration of his sentence. Therefore, the appropriate procedure

19    would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

20    In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

21    under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to

22    test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)

23    (quoting § 2255). Although there is little guidance from any court on when § 2255 is an

24    inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

25    exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

26    insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

27    petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

28    Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

1    Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

2    Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

3           Petitioner does not indicate whether he has filed a § 2255 motion in the sentencing court.

4    Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at

5    presenting his challenges to the sentencing court.  It appears that Petitioner is attempting to use §

6    2241 as a substitute to § 2255.  Petitioner also makes no claim that he is "actually innocent" of

7    the charge, and complains only about the denial of his right to a speedy trial.  Accordingly, the

8    instant petition should be dismissed.

9                                        RECOMMENDATION

10          Based on the foregoing, it is HEREBY RECOMMENDED that:

11          1.      The petition for writ of habeas corpus be DISMISSED; and

12          2.      The Clerk of Court be directed to enter judgment.

13          This Findings and Recommendation is submitted to the assigned United States District

14   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

15   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

16   thirty (30) days after being served with a copy, any party may file written objections with the

17   court and serve a copy on all parties.  Such a document should be captioned "Objections to

18   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

19   filed within fourteen (14) days after service of the objections.  The Court will then review the

20   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

21   failure to file objections within the specified time may waive the right to appeal the District

22   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24          IT IS SO ORDERED.

25   Dated:    September 6, 2011              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE
26

27

28